(No. 5104 )

ARTHUR F. WEISKOPF, d/b/a J. F. WEISKOPF AND SON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 20, 1965.*

GIFFIN, WINNING, LINDNER AND NEWKIRK, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General; LEE D. MARTIN, Assistant Attorney General, for Respondent.

PEZMAN, J.

On or about September 23, 1958, claimant, Arthur F. Weiskopf, doing business as J. F. Weiskopf and Son, submitted its offer to furnish the Division of State Fairs of the Department of Agriculture one 3 L V 7 S gas burner, complete with draft box and automatic pilot controls, for the total sum of $1,425.00. In addition, on October 27, 1958, claimant also presented an offer to install one gas burner, complete with draft box, automatic pilot controls, and all other necessary controls in a standby boiler in the basement of the Emerson Building, which, too, was located on the Illinois State Fair Grounds, as well as to remove the stoker, clean the standby boiler, and wire the controls thereof, all for the total sum of $1,270.00. Both offers were accepted by the Department of Agriculture, and claimant proceeded to perform all of the conditions contained therein. Statements were thereafter presented to the Division of State Fairs of the Department of Agriculture, but were denied. The amended complaint filed herein alleges that such services and materials were furnished, and that there is now due and owing claimant from respondent the total sum of $2,695.00.

A written stipulation was entered into between claimant and respondent, by their respective attorneys, which in part is as follows:

"It is hereby stipulated and agreed by and between claimant, Arthur F. Weiskopf d/b/a J. F. Weiskopf and Son, by its attorneys, Giffin, Winning, Lindner and Newkirk, and respondent, State of Illinois, Department of Agriculture, by William G. Clark, its Attorney General, that the report of the Department of Agriculture, signed by H. E. Paxton, General Auditor, dated January 5, 1965, which has been filed in this cause pursuant to Rule 15, shall constitute the record in the case.

"It is further stipulated and agreed that this claim arises from two contracts duly entered into by claimant and an authorized employee of the said Department of Agriculture, each contract calling for the sale of merchandise or the furnishing of installation services referred to in the said Departmental Report; both of said contracts aggregate in total the sum of $2,695.00. The said sum was not paid by the Department solely because of the lapse of the available appropriations."

A report of the Department of Agriculture, signed by H. E. Paxton, General Auditor, acknowledges that each of the estimates and offers were duly accepted by the Department of Agriculture. It further notes that the equipment was furnished and proper installations made, and that the invoices therefor were first received after the appropriation from which payment could have been made had lapsed. The report concludes with the following paragraph:

"The said materials and services hereinabove specified were ordered by persons having proper authority, the said materials were received in good condition, and the said services were rendered in good workmanlike fashion. The said charges are true and correct, and no part of them have been paid. Claimant's invoices in the total amount of $2,695.00 would have been vouchered and paid in the regular course of business, if they had been submitted to the proper office at the appropriate time. An appropriation had been made by the State Legislature covering this material, and, as of the date of the lapse of the appropriation, there was an unobligated balance of sufficient amount in the appropriation from which claimant's invoices could and would have been paid."

This Court has repeatedly held that, where a contract has been (1) properly entered into; (2) services satisfactorily performed, and materials furnished in accordance with

such contract; (3) proper charges made therefor; (4) adequate funds were available at the time the contracts were entered into; and, (5) the appropriation for the biennium from which such claim could have been paid had lapsed, it would enter an award for the amount due. *Rockford Memorial Hospital Association, A Corporation,* vs. *State of Illinois,* Case No. 5165, opinion filed September 25, 1964; *American Oil Company, Inc., A Corporation,* vs. *State of Illinois,* Case No. 5109, opinion filed June 26, 1964. It appears that all qualifications for an award have been met in the instant case.

Claimant, Arthur F. Weiskopf d/b/a J. F. Weiskopf and Son, is, therefore, hereby awarded the sum of $2,695.00.